IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STIEFEL RESEARCH AUSTRALIA PTY.
LTD.,

                          Plaintiff,

              v.                                                    C.A. No. 09-758 (GMS)

PERRIGO COMPANY and PERRIGO
ISRAEL PHARMACEUTICALS LTD.,

                          Defendants.

## STIPULATED PROTECTIVE ORDER

WHEREAS discovery in the above captioned action may involve the disclosure

of certain documents, things and information in the possession, custody or control of the Plaintiff

Stiefel Research Australia Pty. Ltd. ("Stiefel"), the Defendants Perrigo Company and Perrigo

Israel Pharmaceuticals Ltd. (collectively, "Perrigo"), or other persons, that constitute or contain

sensitive proprietary information, such as trade secrets or other confidential research,

development or commercial information, within the meaning of Rule 26(c) of the Federal Rules

of Civil Procedure ("Fed. R. Civ. P.");

WHEREAS such trade secret, confidential, or proprietary information must be

protected in order to preserve the legitimate business interests of the parties or other persons;

WHEREAS the parties have, through counsel, stipulated to the entry of this

Stipulated Protective Order to advance this Action and prevent unnecessary dissemination or

disclosure of such secret or other confidential research, development, or commercial

information; and

WHEREAS the parties have established good cause for entry of this Stipulated Protective Order ("Protective Order");

It is hereby ORDERED that the following provisions shall govern the conduct of further proceedings in this action:

1.      This Stipulated Protective Order shall apply to all documents, things, or information subject to discovery in this action that are owned or controlled by a party or a non-party and contain its trade secrets or other confidential research, development, or commercial information, including without limitation documents, things, deposition testimony, interrogatory answers, answers to requests for admissions, and other discovery materials, whether produced informally or in response to requests for production of documents or things, interrogatories, requests for admissions, or other formal methods of discovery ("CONFIDENTIAL Material").

2.      Each party and any non-party shall have the right to designate as confidential and subject to this Stipulated Protective Order any Confidential Material that is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.  It shall be the duty of the party or non-party who seeks to invoke protection under this Stipulated Protective Order to give notice, in the manner set forth in Paragraphs 3 and 4, below, of the Confidential Material designated to be covered by this Stipulated Protective Order (hereinafter "Designated CONFIDENTIAL Material").  The duty of the other parties and of all other persons bound by this Stipulated Protective Order to maintain the confidentiality of CONFIDENTIAL Material so designated shall commence with such notice.

3.      The party or non-party producing any documents or things containing CONFIDENTIAL Material who seeks to invoke protection under this Stipulated Protective Order for that material shall designate that material by stamping or labeling each page of that

document or thing with the legend "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," or words to the same effect, at the time the document or thing, or a copy thereof, is provided to the requesting party.  Inadvertent production of documents or things containing CONFIDENTIAL Material without such legends shall not waive the confidentiality of that material if written notice is furnished to the receiving party that the material shall be Designated CONFIDENTIAL Material and subject to this Stipulated Protective Order.  With respect to all documents or things provided for inspection by a party's or non-party's counsel, designation by stamping or labeling as CONFIDENTIAL need not be made until copies of the documents or things are produced after inspection and selection by counsel.  Making documents or things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's or non-party's counsel shall be treated as though designated as CONFIDENTIAL at the time of the inspection.

4.a.    Information provided in a deposition may be designated as CONFIDENTIAL material subject to this Stipulated Protective Order either (1) during the deposition or (2) by written notice to the reporter and all counsel of record given within thirty (30) days after the deposition transcript is received by the designating party or non-party, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party or non-party.  Until expiration of that thirty (30) day period, the entire deposition and all exhibits thereto will be treated as subject to protection against disclosure under this Stipulated Protective Order.  If no party or non-party timely designates any information provided in a deposition as CONFIDENTIAL Material, then none of the transcript will be treated as confidential; if a timely designation is made, the confidential portions and exhibits, and all copies of those portions and

exhibits, shall be treated as Designated CONFIDENTIAL Material pursuant to the terms of this

Stipulated Protective Order; deposition exhibits previously designated as CONFIDENTIAL

material do not need to be redesignated to retain their protection under this Stipulated Protective

Order.

      b.     At any deposition session, when counsel for a party or non-party deems

that the answer to a question will result in the disclosure of CONFIDENTIAL Material, counsel

shall have the option, in lieu of or in addition to taking other steps available under the Federal

Rules of Civil Procedure, to direct that the testimony shall be treated as Designated

CONFIDENTIAL Material and subject to this Stipulated Protective Order.  Counsel for the party

or the non-party whose Designated CONFIDENTIAL Material is involved may also request that

all persons other than the reporter, the witness, counsel, and individuals specified in Paragraph 7,

below, who may have access to such Designated CONFIDENTIAL Material, leave the

deposition room during the confidential portion of the deposition.  The failure of such other

persons to comply with a request of this type shall constitute substantial justification for counsel

to advise the witness that the witness need not answer the question.

      c.     Deposition transcripts containing testimony with Designated

CONFIDENTIAL Material shall be prominently marked on the front page with a statement that

provides "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION

THAT IS SUBJECT TO PROTECTIVE ORDER," or words to that effect.  All such deposition

transcripts shall also be prominently marked on the front page with a statement that provides

"Deponents shall not retain or copy portions of the transcript of their depositions that contain

Designated CONFIDENTIAL Material not provided by them or entities they represent."

5.      Documents, things, and information that are Designated CONFIDENTIAL

Material shall include:  (a) all copies, extracts, and complete or partial summaries prepared from

such documents, things or information that are Designated CONFIDENTIAL Material;

(b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the

content of any such documents, things, or information; (c) portions of briefs, memoranda, or any

other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the

content of any such documents, things, or information; and (d) deposition testimony designated

in accordance with Paragraph 4, above.

6.      Each party and all other persons bound by the terms of this Stipulated Protective

Order shall use any Designated CONFIDENTIAL Material designated by a party or non-party

other than itself only for the purpose of this civil action and shall not use any Designated

CONFIDENTIAL Material governed by this Stipulated Protective Order for any other purpose.

The attorneys of record for the parties shall exercise reasonable care to insure that the

information and documents governed by this Stipulated Protective Order are (a) used only for the

purpose specified herein, and (b) disclosed only to those persons specified in Paragraph 7, below.

7.      Designated CONFIDENTIAL Material shall be retained by the receiving or other

counsel of the non-designating party and may be disclosed by the non-designating party only to:

        a.      the Court and its official personnel;

        b.      the non-designating party's outside counsel of record in this case and their

law firms' active members, associate attorneys, paralegals, and office staffs working on

this case ("Outside Counsel");

      c.      court reporters, translators, third-party photocopy or imaging services contractors, third-party contractors producing graphic or visual aids involved solely in providing litigation support services to Outside Counsel;

      d.      outside experts and consultants retained by the non-designating party's Outside Counsel to assist in this litigation, who are not past or present full-time employees of that non-designating or any other party or of an affiliate of that non-designating or any other party, as provided in Paragraph 8, below;

      e.      up to two in-house attorneys for each non-designating party and his or her secretarial, clerical and legal assistant staff, identified as follows:

           (1)      For Stiefel:  Tom Smith, Esq.

           (2)      For Perrigo:  Andrew Solomon, Esq.

      f.      jury consultants involved solely in providing litigation support services to Outside Counsel;

      g.      at a deposition, any person currently an officer, director, employee, patent attorney, or patent agent of or for the party or non-party designating the material as confidential; and

      h.      any other person agreed to by the parties.

8.a.      Before counsel for a non-designating party may disclose Designated CONFIDENTIAL Material to a person described in Paragraph 7.d., above, that counsel shall give advance notice as follows:  Counsel for the non-designating party seeking to make the disclosure shall provide written notice (by email followed by a hard copy sent next business day courier or messenger delivery) to counsel for the designating party or non-party, and all other parties to this litigation, of the name, address, business affiliation and curriculum vitae of the

person(s) to whom the Designated CONFIDENTIAL Material is to be disclosed, as well as an executed copy of the Confidentiality Undertaking (Exhibit A).

The designating party or non-party shall have five (5) business days after receiving that notification within which to object to the proposed disclosure, as provided below; such disclosure shall not occur before the time for any objection by the designating party or non-party expires, and, if any such objection is made, before that objection is resolved, as provided below.  Any such objection shall be made in writing (by email followed by a hard copy sent next business day courier or messenger delivery) to the counsel for the party seeking to make the disclosure.  If the parties or party and non-party are unable to resolve the objection, and the party seeking to make the disclosure indicates that it still intends to disclose the Designated CONFIDENTIAL Material to the person or persons in question, the designating party or non-party must file and serve a motion with the Court seeking a protective order to prevent the disclosure of such material to such person or persons.  Such motion must be filed with the Court within ten (10) business days of receiving the initial notification under this Paragraph 8.a., unless agreed otherwise, in writing, among the counsel involved.  The burden of demonstrating good cause for the requested relief shall lie with the objecting party or non-party (*i.e.*, the designating party or non-party).  A failure to object or file a motion within the requisite time limits shall be deemed a waiver of the objection.  Upon a timely objection and motion, and during the periods set forth above and until any such motion is resolved by Order of the Court or agreement in writing between the party seeking to make the disclosure and the party or non-party objecting to the disclosure, no disclosure shall be made to the objected-to person or persons.

b.      Before counsel for a non-designating party may disclose Designated CONFIDENTIAL Material to any person and in any manner not authorized by Paragraph 7, that

7

counsel must give advance notice (by email followed by a hard copy sent next business day courier or messenger delivery) to the designating party or non-party of the name, address, and business affiliation of the person to whom the Designated CONFIDENTIAL Material is to be disclosed, as well as an executed copy of the Confidentiality Undertaking (Exhibit A).  The designating party or non-party shall have ten (10) business days after receiving that notification within which to object to the proposed disclosure, as provided below; such disclosure shall not occur before the time for any objection by the designating party or non-party expires, and, if any such objection is made, before that objection is resolved, as provided below.  Any such objection shall be made in writing (by email followed by a hard copy sent next business day courier or messenger delivery) to the counsel for the party seeking to make the disclosure.  Failure by the designating party or non-party to object within the requisite time limits shall be deemed a waiver of the objection.  If the parties or party and non-party are unable to resolve any objection, and the party seeking to make the disclosure indicates that it still intends to disclose the Designated CONFIDENTIAL Material to the person or persons in question, the party seeking disclosure must file and serve a motion with the Court seeking an order allowing the disclosure to take place.  The burden of demonstrating good cause for maintaining the confidentiality of the Designated CONFIDENTIAL Material shall lie with the objecting party or non-party (*i.e.*, the designating party or non-party).  Upon a timely objection and motion, and during the periods set forth above and until any such motion is resolved by Order of the Court or agreement in writing between the party seeking to make the disclosure and the party or non-party objecting to the disclosure, no disclosure shall be made to the objected-to person or persons.

9.     In no event shall any Designated CONFIDENTIAL Material be disclosed to any person allowed access under Paragraphs 7.d, 7.e, 7.f, and 7.g until such person has been shown a

copy of this Stipulated Protective Order and executed a written confidentiality agreement acknowledging and agreeing to be bound by the terms of this Stipulated Protective Order in the form set forth in Exhibit A hereto.  Designated CONFIDENTIAL Material shall not be disclosed to any person who refuses to execute the written confidentiality agreement (Exhibit A) without prior express written leave of the Court.

10.     Any CONFIDENTIAL Material, if filed with the Court, shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Stipulated Protective Order.  The party filing any paper that contains, summarizes, or reflects any Designated CONFIDENTIAL Material shall file such paper in a sealed envelope, or other appropriately sealed container, and in accordance with Local Rule 5.1.3 of the United States District Court for the District of Delaware.

11.     This Stipulated Protective Order shall not preclude any party or non-party from seeking and obtaining, on an appropriate showing of good cause, such additional protection with respect to the confidentiality of documents, things, or information as that party or non-party may consider appropriate.  Nor shall any party be precluded from claiming that any Designated CONFIDENTIAL Material is not entitled to the protection of this Stipulated Protective Order; from applying to the Court for an Order permitting the disclosure or use of documents, things, or information otherwise prohibited by this Stipulated Protective Order; or from applying for an Order modifying this Stipulated Protective Order in any respect.  No party shall be obligated to challenge the propriety of any confidentiality designation and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

12.     The restrictions set forth in this Stipulated Protective Order shall not apply to documents, things, or information that prior to disclosure, is public knowledge.  Further, the restriction contained in this Stipulated Protective Order shall not apply to information that:

a.     is, or after disclosure becomes, public;

b.     was in the possession of the party to whom disclosure is made prior to disclosure; or

c.     is public knowledge other than by an act or omission of the party to whom such disclosures is made, or that is legitimately and independently acquired from a source not subject to this Stipulated Protective Order.

13.     If a party seeks removal of protection for particular items of Designated CONFIDENTIAL Material on the ground that such confidentiality is not warranted under controlling law, the following procedure shall be used:

a.     The party seeking such removal shall give Outside Counsel for the designating party or non-party notice thereof, in writing (by email followed by a hard copy sent next business day courier or messenger delivery), specifying the documents, things, or information for which such removal is sought and the reasons for the request. The designating party or non-party shall have ten (10) business days after receiving that notification within which to object to the removal of protection afforded by this Order. Any such objection shall be made in writing (by email followed by a hard copy sent next business day courier or messenger delivery).  Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Stipulated Protective Order.

b.       If the parties, or the party and non-party, after conferring cannot reach agreement concerning the matter, then the party or non-party seeking the removal of protection for Designated CONFIDENTIAL Material must file and serve a motion with the Court; the designated material shall continue to be Designated CONFIDENTIAL Material until the issue is resolved by Order of this Court or by agreement of the parties or the party and non-party.

c.       On any motions arising out of the designation of any material as Designated CONFIDENTIAL Material under this Stipulated Protective Order, the burden of justifying the designation shall lie with the designating party or non-party.

14.       This Stipulated Protective Order is intended to provide a mechanism for the handling of Confidential Material for which there is no objection to disclosure or production other than confidentiality as trade secret or other confidential research, development, or commercial information.  Each party reserves the right to object to any production or disclosure of any documents, things, or information it deems confidential on any other ground it may deem appropriate, including, without limitation, attorney-client privilege or work product immunity.

15.       Inadvertent production of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s).  Inadvertent production of documents or information shall be handled as follows, but is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

a.       Immediately after receiving written notice from the producing party that documents or information subject to the attorney-client privilege, work product immunity, or otherwise immune from discovery have been inadvertently produced, the

11

receiving party shall not copy or disseminate such documents or information, and, subject to Paragraph 15.b. below, the receiving party shall return such documents or information and any copies to the producing party within five (5) business days.

b.      Upon written notification by the producing party of an inadvertent production and request for return of all originals and copies, the receiving party shall return the inadvertently produced documents or information (and return or certify in writing to the destruction of all copies thereof) within five (5) business days of receiving the producing party's written request for return, unless the receiving party has a good faith basis for asserting that the information is not protected by any privilege or immunity.  If the receiving party believes it has a good faith basis for challenging the privilege claim, the receiving party need not return such material until ordered to do so by a final order of the District Court.  Instead, within five (5) business days after receipt of the producing party's request for return, Outside Counsel for the receiving party shall provide the Outside Counsel for the producing party with a written explanation of the good faith basis for refusing to return the inadvertently produced documents or information.  In the event that the inadvertently produced documents or information are not returned based upon the receiving party's timely written explanation of the good faith basis for refusing to return those documents or material, the producing party has ten (10) business days from receipt of the receiving party's written explanation to file a motion seeking an order compelling the return of the inadvertently produced documents or information.  Failure of the producing party to file such a motion within ten (10) business days from receipt of the receiving party's written explanation waives any claim of privilege or immunity as to the inadvertently produced documents or information at issue.

12

c.      Once a document or information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the producing party has three (3) weeks from the date of disclosure to provide notice of the inadvertent production.  Notwithstanding any other provision of this Order, failure to provide notice within this three (3) week period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only.

16.     Upon final termination of this action by unappealable judgment, unless otherwise agreed to in writing by counsel of record for the designating party or non-party, each party shall within one hundred and twenty (120) days assemble and return, or certify destruction of, all Designated CONFIDENTIAL Material, including all copies, extracts, and summaries thereof, to the party or non-party from whom the Designated CONFIDENTIAL Material was obtained, except that any such materials that contain or constitute attorney work product may be destroyed rather than returned, and counsel of record may retain copies of pleadings and materials that are of record in the litigation, subject to the confidentiality provisions of this Stipulated Protective Order.  As to electronic reports, databases, or other documents that simply summarize or collect information from Designated CONFIDENTIAL Material, but do not contain other attorney-work product or attorney-client communications, the receiving party shall delete such electronic information.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party or the non-party who produced the documents not more than one hundred and thirty (130) days after the final termination of this civil action.

17.     No part of the restrictions imposed by this Stipulated Protective Order may be terminated, except by written stipulation executed by counsel of record for each designating

party or non-party, or by an Order of this Court for good cause shown.  The termination of this civil action shall not automatically terminate the directives of this Stipulated Protective Order.

18.     This Stipulated Protective Order governs the confidentiality of Designated CONFIDENTIAL Material before and after trial.  If a party intends to disclose Designated CONFIDENTIAL Material in court at any pretrial proceeding open to the public, the issue of whether any such disclosure may be made shall be governed by applicable law or additional Order of this Court.  That party, however, shall give counsel for the designating party or non-party notice of that intention, in writing (by email followed by a hard copy sent next business day courier or messenger delivery), at least ten (10) business days before making such disclosure, and shall identify in that notice the specific material intended to be disclosed to the extent feasible and consistent with legitimate trial strategy considerations.

19.     Notice under this Stipulated Protective Order shall be to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court: notice to Stiefel shall be made to Kevin Flannery of Dechert LLP and Jack B. Blumenfeld and Karen Jacobs Louden of Morris, Nichols, Arsht & Tunnell LLP and notice to Defendants shall be to Christine Siwik, William Rakoczy, and Alice Riechers of Rakoczy Molino Mazzochi Siwik LLP, all at their respective email/addresses of record filed with this Court for this civil action.

20.     Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering legal advice to their clients in this litigation and, in the course thereof, relying generally on examination of Designated CONFIDENTIAL Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated.

21.     No person subject to this Stipulated Protective Order may disclose, in public or private, any Designated CONFIDENTIAL Material designated by a party or non-party other than itself, except as provided for in this Stipulated Protective Order.  Nothing herein, however, shall affect the right of the designating party or non-party to disclose to its officers, directors, employees, consultants, or experts, any documents, things, or information designated by it as CONFIDENTIAL material; such disclosure shall not waive the protection of this Stipulated Protective Order and shall not entitle other parties or their attorneys to disclose such information, documents, things, or information in violation of this Order.

22.     If another court or an administrative agency subpoenas or orders production of any Designated CONFIDENTIAL Material that a party has obtained under the terms of this Stipulated Protective Order, such party shall notify the designating party or non-party of the pendency of such subpoena or Order within ten (10) business days of receiving said subpoena or Order.

23.     Testifying experts shall not be subject to discovery on any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation.  No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his final report, trial or deposition testimony or any opinion in this case.  Materials, communications and other information exempt from discovery under this Paragraph shall be treated as attorney-work

product for the purposes of this litigation and the Stipulated Protective Order.  Nothing in this Paragraph shall be construed to bar discovery from any current or former employees of any of the parties to this lawsuit, or any other persons with knowledge of relevant fact; provided, however, that their communications with testifying and/or consulting experts will be treated in accordance with this Paragraph.

24.     Any violation of this Stipulated Protective Order may constitute a contempt of court, and be punishable as such, and may subject the offending party or non-party to such additional and further remedies as may be available to the aggrieved party or non-party.

### STIPULATION

It is hereby stipulated that the foregoing Protective Order may be made and entered by the Court. It is further stipulated that the Parties will abide by this Protective Order from the date of the execution of this Stipulation by counsel for the Parties. The Parties, through their undersigned counsel, respectfully request the Court to enter this Stipulation as an Order.

**SO STIPULATED:**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*
_____
Jack Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com

*Attorneys for Plaintiffs Stiefel Research Australia Pty. Ltd.*

PHILLIPS, GOLDMAN & SPENCE, P.A.

*/s/ John C. Phillips, Jr.*
_____
John C. Phillips, Jr. (#110)
Brian E. Farnan (#4089)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pgslaw.com
bef@pgslaw.com

*Attorneys for Defendants Perrigo Company and Perrigo Israel Pharmaceuticals Ltd.*

OF COUNSEL:                          OF COUNSEL:

Martin J. Black                      Christine J. Siwik
Kevin M. Flannery                    William A. Rakoczy
Joseph R. Heffern                    Alice L. Riechers
DECHERT LLP                          RAKOCZY MOLINO MAZZOCHI SIWIK LLP
Cira Center                          6 West Hubbard Street – Suite 500
2929 Arch Street                     Chicago, IL 60654
Philadelphia, PA  19104-2808         (312) 222-6304
(215) 994-4000

August 23, 2010


     SO ORDERED this _____ day of _____, 2010.


           _____
           United States District Court Judge

3730436

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STIEFEL RESEARCH AUSTRALIA PTY. LTD.,<br><br>Plaintiff,<br><br>v.<br><br>PERRIGO COMPANY and PERRIGO ISRAEL PHARMACEUTICALS LTD.,<br><br>Defendants. | C.A. No. 09-758 (GMS)<br><br>**CONFIDENTIALITY UNDERTAKING** |

I, _____, being duly sworn, state that:

    (a)    My present residential address is _____
_____.

    (b)    My present employer is _____
_____ and the address of my present employer
is _____.

    (c)    My present occupation or job description is _____
_____.

    (d)    I have received and carefully read the Stipulated Protective Order (the "Order") in the above-captioned case dated _____, 2010.  I certify that I understand the terms of that Order, recognize that I am bound by the terms of that Order, and agree to comply with those terms.  Further, I understand that unauthorized disclosure of any designated CONFIDENTIAL Material, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

_____

SUBSCRIBED and SWORN to before me
this _____ day of _____, 20__.


_____

Notary Public
My Commission Expires _____